UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIGNATURE MANAGEMENT TEAM, LLC, d/b/a TEAM, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-mc-50 |
| v. | ) ) ) | Honorable Janet T. Neff |
| INDEPENDENT BUSINESS OWNERS ASSOCIATION INTERNATIONAL, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL**

This is a proceeding brought pursuant to Fed. R. Civ. P. 45(c)(2) to enforce a subpoena served in this district upon the Independent Business Owners Association International. The subpoena is in aid of a civil action pending in the District of Nevada, *Quixtar, Inc. v. Signature Management Team, LLC*, case no. 3:07-cv-505. The moving party, Signature Management Team, LLC, seeks an order sealing the motion to enforce subpoena, the brief in support of the motion, all supporting documents, and all subsequent briefs.

In support of the motion to seal, Signature Management Team, LLC alleges that some of its members are involved in a so-called "confidential arbitration" with Quixtar. On the basis of orders filed by the arbitrator in that proceeding, Signature Management Team, LLC suggests that its motion, supporting brief, and all submissions to this court are so confidential and sensitive that this matter must be sealed from public scrutiny in its entirety.

While district courts have the discretion to issue protective orders, that discretion is "circumscribed by a long-established legal tradition" which values public access to court proceedings. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983). The Supreme Court has emphasized the importance of the common-law right of access to public proceedings and records, including judicial proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980); *Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 597 (1978). This general right of public access to the courts, while not absolute, extends to both criminal and civil proceedings. *Brown & Williamson*, 710 F.2d at 1177-78; *see also Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002). Therefore, the Sixth Circuit Court of Appeals allows the sealing of court papers only for "good cause shown" that the "particular documents justify court-imposed secrecy." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In short, court proceedings are presumptively public, and the party seeking to bar public access bears the burden of showing good cause to justify this relief. The era of Star Chamber proceedings ended long ago.

Signature Management Team, LLC has fallen far short of this standard. Rather than identifying specific documents that might deserve special treatment, and justifying the reason for confidentiality, Signature Management Team, LLC seeks an order essentially throwing a cloak of secrecy around these entire proceedings. It has done nothing to justify such an extraordinary result. The reference to "confidential" arbitration proceedings, or to confidentiality orders entered by a private arbitrator, does nothing to discharge the moving party's heavy burden. A review of the twenty-eight exhibits to the moving party's brief demonstrates that very few of the exhibits could possibly merit confidential treatment. Many of the exhibits are merely pleadings from other court

proceedings or copies of cases upon which the moving party relies. Likewise, very little of the supporting brief could possibly qualify as confidential. To justify the sealing of court papers, the moving party must show that disclosure of the information will result in some sort of serious competitive or financial harm. *See Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745-46 (E.D. Mich. 2001); *see also E-Crane Int'l USA, Inc. v. Interstate Equip. Corp.*, No. 1:07-cv-2557, 2008 WL 408464, at * 2 (N.D. Ohio Feb. 12, 2008). Signature Management Team, LLC has done virtually nothing to discharge this burden.

"Both civil and criminal trials are presumptively open proceedings and open records are fundamental to our system of law." *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987). Free access to documents filed with the court is the rule, and secrecy is the exception. The court finds no justification for deviating from the general rule. Accordingly:

IT IS ORDERED that the motion of Signature Management Team, LLC to file documents under seal (docket # 1) be and hereby is DENIED.

DONE AND ORDERED this 14th day of May, 2008.

/s/ Joseph G. Scoville
United States Magistrate Judge